# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORIE LEE BUTCHER,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security[1],<br><br>Defendant. | Case No.: 3:18-cv-01956-H-JLB<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br>[Doc. No. 24]<br><br>**(2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>[Doc. No. 27] |

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of the Social Security Administration. See https://www.ssa.gov/agency/commissioner.html (last visited on September 6, 2019). The Court substitutes Andrew Saul for his predecessor, Nancy A. Berryhill, as the defendant in this action. See Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g) (providing that "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant.").

On August 23, 2018, Plaintiff Marjorie Lee Butcher, a 56-year-old woman, filed a complaint against Defendant Nancy A. Berryhill, the Acting Commissioner of Social Security, seeking judicial review of an administrative denial of disability benefits under the Social Security Act. (Doc. No. 1.) On December 21, 2018, the Acting Commissioner answered Plaintiff's complaint and lodged the administrative record. (Doc. Nos. 8, 9.) On April 23, 2019, the Acting Commissioner lodged an Amended Administrative Record. (Doc. No. 19.) On June 19, 2019, Plaintiff filed a motion for summary judgment, asking the Court to reverse the Acting Commissioner's final decision and remand for further administrative proceedings. (Doc. No. 24.) On August 28, 2019, the Commissioner cross-moved for summary judgment, asking the Court to affirm the Acting Commissioner's final decision. (Doc. No. 27.) On September 11, 2019, Plaintiff filed a reply to the Commissioner's Response. (Doc. No. 29.) On September 18, 2019, the Commissioner responded to Plaintiff's Reply. (Doc. No. 30.) For the reasons below, the Court **GRANTS** the Commissioner's motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.

## **BACKGROUND**

On May 1, 2014 Plaintiff protectively filed a Title II and Title XVI application for a period of disability insurance benefits alleging disability beginning September 30, 2012. (Doc. No. 19, AR 17.) The Social Security Administration ("SSA") initially denied Plaintiff's application for benefits on October 14, 2014 and denied reconsideration on March 27, 2015. (Id.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 28, 2015. (Id.) Plaintiff testified at the hearing and was represented by counsel. (Id.) The ALJ also heard testimony from Bonnie Sinclair, an independent vocational expert. (Id.)

On September 25, 2017, the ALJ issued a written decision, analyzing Plaintiff's claim and determining that Plaintiff had not met her burden of proof. (Id.) SSA regulations require ALJs to use the following five-step inquiry when determining whether an applicant qualifies for disability benefits: (1) has the claimant been gainfully employed since the time

of the disability onset date; (2) "is the claimant's impairment severe"; (3) "does the impairment 'meet or equal' one of a list of specific impairments described in the regulations," and if not, what is the claimant's residual functional capacity ("RFC")[2]; (4) is the claimant capable of performing past relevant work; and (5) "is the claimant able to do any other work." Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); see 20 C.F.R. § 404.1520(a)(4)(i)–(v).

Here, the ALJ determined at step one that Plaintiff had not been gainfully employed since the disability onset date of September 30, 2012. (Doc. No. 19, AR 20.) At step two, the ALJ found that Plaintiff had the following severe impairment: degenerative disc disease of the spine. (Id.) At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that amounted to one of the SSA regulations' enumerated impairments. (Id. AR 23–24.) The ALJ then determined that Plaintiff had a RFC to perform the full range of "light work," as defined in 20 C.F.R. 404.1567(b). (Id. AR 24.) At step four, the ALJ determined that Plaintiff was capable of performing past relevant work as a cashier or as a sales clerk. (Id. AR 28.)

Consequently, the ALJ determined that Plaintiff was not disabled from September 30, 2012, the alleged onset date, through December 31, 2014, the date last insured. (Id. AR 29.) On June 25, 2018, the Social Security Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision final. (Id. AR 1.)

**LEGAL STANDARDS**

**I.     The Social Security Administration's Sequential Five-Step Inquiry**

The SSA employs a sequential five-step evaluation to determine whether a claimant is eligible for benefits under the Social Security Act. 20 C.F.R. § 404.1520(a)(4)(i)–(v). To qualify for disability benefits, a claimant must establish that he or she is "disabled," meaning that the claimant is unable "to engage in any substantial gainful activity by reason

---

[2] SSA regulations define residual functional capacity as "the most you can still do despite your limitations." 20 C.F.R. § 416.945(a)(1).

3

of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).

Step one in the sequential evaluation considers a claimant's "work activity, if any." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). An ALJ will deny a claimant disability benefits if the claimant is engaged in "substantial gainful activity." Id. §§ 404.1520(b), 416.920(b).

If a claimant cannot provide proof of gainful work activity, the ALJ proceeds to step two to ascertain whether the claimant has a medically severe impairment or combination of impairments. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The so-called "severity regulation" dictates the ALJ's step-two analysis. Bowen v. Yuckert, 482 U.S. 137, 140–41 (1987). Specifically, an ALJ will deny a claimant's disability claim if the ALJ does not find that a claimant suffers from a severe impairment, or combination of impairments, which significantly limits the claimant's physical or mental ability to do "basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c).

If the impairment is severe, however, the evaluation proceeds to step three. At step three, the ALJ determines whether the impairment is equivalent to one of several enumerated impairments that the SSA deems so severe as to preclude substantial gainful activity. Id. §§ 404.1520(d), 416.920(d). An ALJ conclusively presumes a claimant is disabled if the impairment meets or equals one of the enumerated impairments. Id.

If the ALJ concludes that a claimant does not suffer from one of the SSA regulations' enumerated severe impairments, the ALJ must determine the claimant's RFC before proceeding to step four of the inquiry. Id. §§ 404.1520(e), 416.920(e). An individual's RFC is his or her ability to do physical and mental work activities on a sustained basis despite limitations from his or her impairments. See id. §§ 404.1545(a)(1), 416.945(a)(1). The RFC analysis considers whether the claimant's "impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect

what [the claimant] can do in a work setting." Id. In establishing a claimant's RFC, the ALJ must assess relevant medical and other evidence, as well as consider all of the claimant's impairments, including impairments categorized as non-severe. Id. §§ 404.1545(a)(3)–(4), (e), 416.945(a)(3)–(4), (e).

Given the claimant's RFC, the ALJ determines at step four whether the claimant has the RFC to perform the requirements of his or her past relevant work. Id. §§ 404.1520(f), 416.920(f). If a claimant has the RFC to carry out his or her past relevant work, the claimant is not disabled. Id. Conversely, if the claimant does not have the RFC to perform his or her past relevant work, or does not have any past relevant work, the analysis presses onward.

At the fifth and final step of the SSA's inquiry, the ALJ must determine whether the claimant is able to do *any* other work in light of his or her RFC, age, education, and work experience. Id. §§ 404.1520(a)(4)(v), (g)(1), 416.920(a)(4)(v), (g)(1). If the claimant is able to do other work, the claimant is not disabled. Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). However, if the claimant is not able to do other work and meets the duration requirement of twelve months, the claimant is disabled. Id. Although the claimant generally continues to have the burden of proving disability at step five, a limited burden shifts to the SSA, such that the SSA must present evidence demonstrating that other jobs the claimant can perform—allowing for RFC, age, education, and work experience—exist in significant numbers in the national economy. Tackett, 190 F.3d at 1099.

## II. Standard of Review

Unsuccessful applicants for social security disability benefits may seek judicial review of a Commissioner's final decision in a federal district court. See 42 U.S.C. § 405(g). "As with other agency decisions, federal court review of social security determinations is limited." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1098 (9th Cir. 2014). The court will "disturb the Commissioner's decision to deny benefits 'only if it is not supported by substantial evidence or is based on legal error.'" Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). "Substantial evidence means

more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews, 53 F.3d at 1039). The Court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's determination. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." Bray, 554 F.3d at 1222 (quoting Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007)). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Garrison, 759 F.3d at 1010 (quoting Shalala, 53 F.3d at 1039).

Even if the ALJ commits legal error, a reviewing court will uphold the decision where that error is harmless—that is, where the error is "inconsequential to the ultimate nondisability determination." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. at 1111 (quoting Shinseki v. Sanders, 556 U.S. 396, 409 (2009)).

"If the reviewing court determines that the agency erred in some respect in reaching a decision to deny benefits, and the error was not harmless, sentence four of § 405(g) authorizes the court to reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1098 (9th Cir. 2014) (citations and alterations omitted). Sentence four of 42 U.S.C. § 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "A sentence four remand has thus been characterized as essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002).

## DISCUSSION

Plaintiff contends that the ALJ improperly rejected the medical opinions of Drs. Michael Fitzgerald Samuel Etchie. (Doc. No. 24-1.) The Commissioner argues that the ALJ appropriately weighed the medical evidence in the record and that the ALJ's final decision was supported by substantial evidence. (Doc. No. 17-1.) Additionally, Plaintiff contends that the ALJ failed to properly assess Butcher's Title XVI Application. The Court concludes that the ALJ appropriately weighed the medical evidence in the record and that there is no Title XVI Application pending.

### I. Dr. Fitzgerald and Dr. Etchie's Medical Opinions

Plaintiff argues that the ALJ failed to properly credit the medical opinions of Drs. Fitzgerald and Etchie. (Doc. Id. 24-1 at 17.) Defendant contends that the reports were properly discounted because they were based on assessments that occurred after the last date insured. (Doc. Id. 19-2 at 22.)

An ALJ must consider all evidence, including medical opinions, in determining whether the claimant is disabled. See 20 C.F.R. § 416.920(b). Generally, the ALJ should give more weight to a treating doctor's opinion than to the opinion of a doctor who did not treat the claimant. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Similarly, the ALJ should give more weight to an examining doctor's opinion than to the opinion of a doctor who did not examine the claimant. Id. The ALJ must assign weight to medical opinions according to several factors, including supportability of the opinion and consistency with the record as a whole. See 20 C.F.R. § 416.927(c). When there is a material conflict in the evidence, such as the presence of contradictory medical evidence, only the ALJ can resolve it. See Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

Here, the Court concludes that the ALJ appropriately weighed Drs. Fitzgerald and Etchie's opinions in light of the other medical evidence in the record and supported

its ultimate decision with substantial additional evidence. It is determinative that both Drs. Etchie and Fitzgerald evaluated Butcher years after the last date insured. As a result, the ALJ did not err in discounting their medical opinions since they had little bearing on whether Butcher had a disability prior to the last date insured. Vincent ex rel. Vincent v. Heckler, 739 F. 2d 1393, 1395 (9th Cir. 1984) ("After-the-fact psychiatric diagnoses are notoriously unreliable.")

But even if one was to give full weight to Drs. Fitzgerald and Etchie's opinions the ALJ, in its thoroughly reasoned decision, pointed to a variety of other factors that mitigated against a finding of disability including: (1) Plaintiff's inconsistent statements that she quit working in 2012 to care for her elderly mother and because there wasn't work available (2) evidence that Plaintiff continued to engage in the activities of daily living (3) separate medical findings from Drs. Vu and Christian that Butcher possessed the residual function capacity to engage in her prior occupation as a clerk (4) the fact that Plaintiff drove cross country by herself to attend her son's wedding in July of 2016 and (5) the lack of any medical testimony indicating the existence of an impairment likely to produce disabling pain or other limitations from prior to the date last insured. (Doc. Id. 19, AR 26-27.) These additional facts support the ALJs determination that Butcher was not disabled before the last date insured.

Butcher ultimately bears the burden of establishing the existence of a severe impairment, and ultimate disability, prior to the last date insured. See Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir.1998); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995). Butcher failed to meet her burden since she was unable to show that any of the impairments she was diagnosed with prior to her last date insured caused significant limitations in her ability to work for twelve continuous months.

The documentary evidence and expert testimony in the record support the decision of the ALJ that Butcher was not disabled prior to December 31, 2014. The mere existence of impairments is not proof of a disability. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir.1993). The claimant must also show that her problems were so

functionally limiting as to prevent her from engaging in any substantial gainful activity for at least twelve consecutive months. See 42 U.S.C. § 423(d)(1)(A); Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1459 (9th Cir.1995); 20 C.F.R. § 404.1509 (2003). The Court finds that ALJ did not err in assessing the available medical evidence.

## II. The Title XVI Application

Plaintiff erroneously argues that the ALJ's determination was mistaken because it did not "address the SSI or Title XVI application at all." (Doc. Id. 24-1 at 16.) However, after denial at reconsideration, Plaintiff requested an ALJ hearing on ***only*** her Title II claim. (AR 124). Plaintiff's inapposite citations to the administrative record do not support her position. Consequently, the only application at issue in this case is Plaintiff's Title II application and the only relevant period at issue is from alleged onset date of September 30, 2013 through her date last insured December 31, 2014. See 20 C.F.R. § 404.315(a)(1)-(4).

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Commissioner's motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.

**IT IS SO ORDERED.**

DATED: September 19, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT